**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose LLAMAS–GARCIA, Defendant–
Appellant.**

No. 00–50289.

D.C. No. CR–99–02245–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2001.

Submission withdrawn May 11, 2001.

Resubmitted Jan. 22, 2002.

Decided Feb. 27, 2002.

Before MAGILL,* McKEOWN and
FISHER, Circuit Judges.

MEMORANDUM**

After being arrested at the United States—Mexico border because Customs officials discovered 98 pounds of cocaine hidden in the gas tank of the truck he was driving, Jose Llamas–Garcia was convicted of importation of cocaine in violation of 21 U.S.C. §§ 952 and 960 and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Llamas–Garcia alleges various pretrial and trial errors as well as the facial invalidity of the statutes under which he was convicted. We reverse the conviction.

Llamas–Garcia contends that the district court should have dismissed the charges against him because the government violated Federal Rule of Criminal Procedure 5 when it held him in custody for 11 days before taking him to a magistrate. Although the government has conceded error, the proper remedy for a Rule 5 violation is not dismissal of the criminal charges. *Anderson v. Calderon,* 232 F.3d 1053, 1071 (9th Cir.2000) (holding that suppression of evidence rather than dismissal

---

* The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

of the criminal charges constitutes the proper remedy for delayed arraignment), *cert. denied* — U.S. ——, 122 S.Ct. 580, 151 L.Ed.2d 451 (2001). Therefore, the conviction may not be reversed on this basis.

■ We find merit, however, in Llamas–Garcia's objection to the introduction of Senior Special Agent Brad Bench's testimony regarding the structure of cocaine smuggling operations and the role of individuals involved in smuggling. This testimony was improperly admitted under *United States v. Vallejo*, 237 F.3d 1008, 1012 (9th Cir.2001), *as amended by* 246 F.3d 1150 (9th Cir.2001) ("[E]xpert testimony regarding the general structure and operations of drug trafficking organizations is inadmissible where the defendant is not charged with a conspiracy to import drugs or where such evidence is not probative of a matter properly before the court."). Llamas–Garcia was not charged with conspiracy, his was a simple border bust case and the government failed to explain how Agent Bench's testimony was probative of any matter before the court. Rather, the government stated that this testimony was "pretty much the standard." Moreover, Llamas–Garcia did not "open the door" to Agent Bench's testimony. While Llamas–Garcia *did* raise the issue of lack of fingerprints, he did so only after the government declared to the judge and jury its intention to have Agent Bench testify about the structure of drug organizations. Accordingly, the district court abused its discretion in admitting Agent Bench's testimony. Because the testimony improperly and unfairly imputed knowledge that the vehicle contained drugs to Llamas–Garcia, and this was the only contested issue in the case, we cannot hold that the error was harmless.

We need not reach Llamas–Garcia's arguments regarding (1) the district court's failure to allow cross-examination of Agent Jacobo, (2) the comment by Agent Jacobo regarding Llamas–Garcia's invocation of his right to counsel, (3) the facial unconstitutionality of §§ 841 and 960 and (4) whether his 121 month sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

REVERSED and REMANDED for further proceedings consistent with this opinion.